**Fill in this information to identify your case:**

United States Bankruptcy Court for the:
NORTHERN DISTRICT OF TEXAS

Case number *(if known)* _____  Chapter **11**

☐ Check if this an amended filing

Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy  04/20

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | Debtor's name | **Christian Care Centers, Inc.** |
| 2. | All other names debtor used in the last 8 years<br>Include any assumed names, trade names and *doing business as* names | |
| 3. | Debtor's federal Employer Identification Number (EIN) | **75-0859664** |

4. Debtor's address

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| **900 Wiggins Parkway**<br>**Mesquite, TX 75150**<br>Number, Street, City, State & ZIP Code | P.O. Box, Number, Street, City, State & ZIP Code |
| **Dallas**<br>County | **Location of principal assets, if different from principal place of business**<br>Number, Street, City, State & ZIP Code |

5. Debtor's website (URL)   **https://christiancaretexas.org/**

6. Type of debtor
   - ■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
   - ☐ Partnership (excluding LLP)
   - ☐ Other. Specify: _____

Debtor __Christian Care Centers, Inc.__ Case number (*if known*) _____
      Name

7. **Describe debtor's business**

   A. *Check one:*

   ☒ Health Care Business (as defined in 11 U.S.C. § 101(27A))
   ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
   ☐ Railroad (as defined in 11 U.S.C. § 101(44))
   ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
   ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
   ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
   ☐ None of the above

   B. *Check all that apply*

   ☒ Tax-exempt entity (as described in 26 U.S.C. §501)
   ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)
   ☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

   C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor.
   See http://www.uscourts.gov/four-digit-national-association-naics-codes.

   ___6233___

8. **Under which chapter of the Bankruptcy Code is the debtor filing?**

   A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

   *Check one:*

   ☐ Chapter 7
   ☐ Chapter 9
   ☒ Chapter 11. *Check **all** that apply*:

       ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

       ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

       ☐ A plan is being filed with this petition.

       ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

       ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

       ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

   ☐ Chapter 12

9. **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
   If more than 2 cases, attach a separate list.

   ☒ No.
   ☐ Yes.

   District _____ When _____ Case number _____
   District _____ When _____ Case number _____

Debtor   **Christian Care Centers, Inc.**     Case number (*if known*) _____
　　　　　Name

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☐ No
■ Yes.

List all cases. If more than 1, attach a separate list

| | | | |
|---|---|---|---|
| Debtor | **Christian Care Center Foundation, Inc.** | Relationship | **Affiliate** |
| District | **Northern** | When **5/23/22** | Case number, if known **TBD** |

**11. Why is the case filed in *this district*?**

*Check all that apply:*

■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

■ No
☐ Yes.   Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
　　What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other

**Where is the property?** _____
　　　　　Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No
☐ Yes.   Insurance agency _____
　　　　　Contact name _____
　　　　　Phone _____

---

■ **Statistical and administrative information**

**13. Debtor's estimation of available funds**

*Check one:*

■ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

☐ 1-49
☐ 50-99
☐ 100-199
☐ 200-999
■ 1,000-5,000
☐ 5001-10,000
☐ 10,001-25,000
☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

**15. Estimated Assets**

☐ $0 - $50,000
☐ $50,001 - $100,000
☐ $100,001 - $500,000
☐ $500,001 - $1 million
☐ $1,000,001 - $10 million
☐ $10,000,001 - $50 million
■ $50,000,001 - $100 million
☐ $100,000,001 - $500 million
☐ $500,000,001 - $1 billion
☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

Debtor   **Christian Care Centers, Inc.**                                                                  Case number (*if known*)
      Name

**16. Estimated liabilities**
- ☐ $0 - $50,000
- ☐ $50,001 - $100,000
- ☐ $100,001 - $500,000
- ☐ $500,001 - $1 million
- ☐ $1,000,001 - $10 million
- ☐ $10,000,001 - $50 million
- ■ $50,000,001 - $100 million
- ☐ $100,000,001 - $500 million
- ☐ $500,000,001 - $1 billion
- ☐ $1,000,000,001 - $10 billion
- ☐ $10,000,000,001 - $50 billion
- ☐ More than $50 billion

Debtor **Christian Care Centers, Inc.** Case number (*if known*)
Name

### Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on **May 23, 2022**
MM / DD / YYYY

X **/s/ Mark Shapiro**                                      **Mark Shapiro**
Signature of authorized representative of debtor             Printed name

Title **Chief Restructuring Officer**

**18. Signature of attorney**

X **/s/ Buffey E. Klein**                                    Date **May 23, 2022**
Signature of attorney for debtor                             MM / DD / YYYY

**Buffey E. Klein 24032515**
Printed name

**Husch Blackwell LLP**
Firm name

**1900 N. Pearl Street, Suite 1800**
**Dallas, TX 75201**
Number, Street, City, State & ZIP Code

Contact phone **214-999-6152**          Email address **buffey.klein@huschblackwell.com**

**24032515 TX**
Bar number and State

**CHRISTIAN CARE CENTERS, INC.**
**MINUTES OF THE BOARD OF TRUSTEES**
**SPECIAL CALLED MEETING MAY 16, 2022**

A Special Called Meeting of the Board of Trustees of Christian Care Centers, Inc. (CCC) was held via video conference and by telephone commencing at approximately 10:40am.

The following trustees were in attendance at the beginning of the meeting: Mr. Gerald Taylor, Mr. Van Henley, Mr. Greg Samuel, Mrs. Pat Lawson, Mr. J D Tidwell, Mr. Don Clevenger, Dr. Lyn Goggin, Mr. George Ashmore, Mr. Kelley Schubert, and Dr. Greg Patton.

Secretary to the Board, Mrs. Marci Penney, was in attendance and determined that a quorum was present for all purposes. A quorum of the trustees remained in attendance for the entire meeting.

The following officers and staff members were present: Mrs. Sabrina Porter, Mr. Mark Spencer, and Mrs. Marci Penney. Also present were Ms. Buffey Klein of Husch Blackwell LLP; Mr. Mark Shapiro of B. Riley Advisory Services; and Mr. Andrew Turnbull, Mr. Steven Balash, Mr. Anthony Pignataro, and Mr. Salman Paya of Houlihan Lokey.

Mr. Taylor, Chairman of the Board, convened the meeting and presided throughout the meeting.

Mr. Taylor turned over the meeting to Ms. Klein for an update.

Ms. Klein stated that the Definitive Agreement, which is made up of the Asset Purchase Agreement (APA) and Operations Transfer Agreement (OTA), is almost ready to go. She said that today's meeting is to receive approval to file Chapter 11 Bankruptcy.

Discussion was then had regarding any liabilities that the Board may have through bankruptcy, and before and after the sale is final. Ms. Klein explained that there will be no liability once the sale is closed, and that the Board and CCC will be dissolved through the court. She further stated that the Board will be acting until the sale is final, and will need to have all regularly scheduled meetings.

The resolution was then distributed to the Board members, and they were given time to review.

Mr. Taylor confirmed that there were no questions regarding the resolution. Upon the motion of Mr. Samuel, seconded by Mr. Clevenger, and an affirmative vote, individually, by each Board member in attendance, the attached Resolution is fully adopted.

Mr. Schubert left the meeting at approximately 11:20.

Discussion was had regarding the timing of the communications once the bankruptcy is made public, and confirming that everyone is fully prepared.

Mrs. Lawson asked if Ms. Klein needed everyone's signatures on the resolution. Ms. Klein stated that it was not necessary since it will show as approved in the minutes.

The Board suspended as the Board of Trustees of Christian Care Centers, Inc. and convened as the Board of Trustees of Christian Care Centers Foundation, Inc. At the conclusion of the meeting of the Foundation, the Board re-convened as the Board of Trustees of Christian Care Centers, Inc.

Mr. Taylor asked if there were any other questions or comments. There were none.

Mr. Henley led the closing prayer.

There being no further information to come before the Board, the meeting adjourned at approximately 11:30 am.

# RESOLUTIONS OF THE
# CHRISTIAN CARE CENTERS, INC. and CHRISTIAN CARE CENTERS FOUNDATION, INC., BOARD OF TRUSTEES

May 16, 2022

This written consent may be executed by electronically transmitted signature, and all such signatures shall constitute this entire written consent.  The resolutions to which the undersigned consents are as follows:

**WHEREAS**, the Board of Trustees (the "Board") of Christian Care Centers, Inc. and Christian Care Centers Foundation, Inc. (collectively the "Company") previously authorized and instructed the Chief Restructuring Officer, the Board Chairman, the Company's Chief Executive Officer, or any such other officer that the Company may designate (each an "Authorized Officer") to cause the preparation of voluntary petitions for reorganization under Chapter 11 of the Bankruptcy Code along with all petitions, schedules, lists, and other motions, applications, papers, or documents in connection with the voluntary petitions for reorganization;

**WHEREAS**, since the March 29, 2021 Resolution referenced in the preceding paragraph, the Company has continued to assess its current and prospective financial and operational status and strategic alternatives available to it;

**WHEREAS**, to assist in continuing to evaluate the Company's financial status and strategic alternatives available to it, the Company retained Houlihan Lokey Capital, Inc. ("Houlihan") to serve as the Company's financial advisor to provide financial advisory and investment banking services in connection with a financial restructuring, merger, or acquisition transaction;

**WHEREAS**, over the past nine months, Houlihan has assisted the Company in continuing to evaluate the strategic alternatives available to it and facilitated the marketing of the Company for a sale that would maximize the value to all stakeholders;

**WHEREAS**, after considering presentations by the Company's management and the financial advisors regarding the Company's liabilities and liquidity, its historical performance, and its current and prospective financial and operational status, the Board has determined that it is in the best interest of the Company to sell its assets to a third-party;

**WHEREAS**, the Board has also considered the different offers presented by Houlihan for a sale or acquisition of the Company and has determined it is in the Company's best interest to enter into an Asset Purchase Agreement with North Texas Benevolent Trust, LLC (the "APA");

**WHEREAS**, it is further understood that the Company will the purchase price identified in the APA will not fully satisfy all of the Company's liabilities;

**WHEREAS**, the Board continues to believe and has determined that it is fair, reasonable, and in the best interests of the Company, its residents, its creditors, and other interested parties for the Company to file voluntary petitions seeking relief under Chapter 11, Title 11 of the United States Code (the "Bankruptcy Code") in the United States District Court for the Northern District of Texas.

**NOW, THEREFORE, IT IS:**

**RESOLVED**, that in the judgment of the Board, it is in the best interest of the Company, its residents, its creditors, and other interested parties to enter into the APA;

**RESOLVED**, that in the judgment of the Board, it is desirable and in the Company's best interests to continue the retention of B. Riley Advisory as CRO and Houlihan as the Company's financial advisor in connection with the Company's bankruptcy;

**RESOLVED,** that the Company's March 29, 2021 Resolution referenced herein is further affirmed and that all specific resolutions in the March 29, 2021 Resolution are affirmed;

**RESOLVED**, that to effectuate the goals of the restructuring of the Company, to provide financial support for the restructuring of the Company, and to successfully seek relief pursuant to the Bankruptcy Code, that each Authorized Officer is authorized to seek, negotiate, and sign documentation to enable the Company to receive financing pursuant to an interim debtor-in-possession financing transaction on such terms that the Authorized Officer deems reasonable;

**RESOLVED**, that the Members of the Board have received sufficient notice of the actions and transactions relating to the aforementioned recitals and resolutions as required by the Company's organizational documents or have waived any right to receive such notice;

**RESOLVED**, that the Authorized Officers are authorized to take any and all actions or not take any actions with respect to the actions contemplated by the foregoing resolutions as the Authorized Officers deem are necessary or desirable in such Authorized Officer's business judgment and as may be necessary or appropriate to effectuate the intent of the foregoing resolutions;

**RESOLVED**, that the Authorized Officers, acting alone or with one or more other authorized Officers, be and hereby are, authorized, empowered and directed to certify the authenticity of these resolutions.

## **Approval of Prior Actions**

**FURTHER RESOLVED**, that any and all actions taken in connection with the foregoing resolutions prior to the adoption of such resolutions by the Company or any other officer or agent of the Company are hereby ratified, affirmed, and approved in all respects and for all purposes;

**FURTHER RESOLVED**, the signature of an Authorized Officer on any of the documents, agreements, and instruments authorized under these resolutions will be conclusive proof of the determination by the Authorized Officer that such documents, agreements, and instruments are necessary or appropriate to carry out the purposes and intent of these resolutions;

**FURTHER RESOLVED**, that these resolutions may be executed by facsimile, telecopy, or other electronic means or reproduction, and such execution shall be considered valid, binding, and effective for all purposes.

# RESOLUTIONS OF THE
# CHRISTIAN CARE CENTERS, INC.
# BOARD OF TRUSTEES

March 29, 2021

This written consent may be executed by electronically transmitted signature, and all such signatures shall constitute this entire written consent. The resolutions to which the undersigned consents are as follows:

**WHEREAS**, the Board of Trustees (the "Board") of Christian Care Centers, Inc. (the "Company") has considered the presentations by the Company's management and the financial advisors regarding the Company's liabilities and liquidity, its historical performance, and its current and prospective financial and operational status;

**WHEREAS**, the Board had previously approved the retention of and retained Mark Shapiro and all personnel of GlassRatner Advisory & Capital LLC dba B. Riley Advisory Services ("B. Riley Advisory") as the Company's Chief Restructuring Officer ("CRO");

**WHEREAS**, the Board has had the opportunity to consult with the Company's financial and legal advisors and fully consider the strategic alternatives available to it;

**WHEREAS**, the Board had been evaluating and considering the reorganization of the Company's business;

**WHEREAS**, the Board has certain concerns regarding the Company's liquidity and the Company's obligations to its residents;

**WHEREAS**, the Board desires to protect and meet the Company's obligations to its residents;

**WHEREAS**, the Board has determined that it is fair, reasonable, and in the best interests of the Company, its residents, its creditors, and other interested parties for the Company to file voluntary petitions seeking relief under Chapter 11, Title 11 of the United States Code (the "Bankruptcy Code") in the United States District Court for the Northern District of Texas.

**NOW, THEREFORE, IT IS:**

**RESOLVED**, that in the judgment of the Board, it is in the best interest of the Company, its residents, its creditors, and other interested parties to file a voluntary petitions under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Texas;

**RESOLVED**, that in the judgment of the Board, it is desirable and in the Company's best interests to continue the retention of B. Riley Advisory as Chief Restructuring Officer in connection with the Company's bankruptcy;

**RESOLVED**, that the Chief Restructuring Officer, the Board Chairman, the Company's Chief Executive Officer, or any such other officer that the Company may designate (each an "Authorized Officer") are authorized and instructed to cause the preparation of voluntary petitions for reorganization under Chapter 11 of the Bankruptcy Code along with all petitions, schedules, lists, and other motions, applications, papers, or documents in connection with the voluntary petitions for reorganization;

**RESOLVED**, that the Board Chairman is authorized, on behalf of the Company, to cause the voluntary petitions for reorganization to be executed, verified, and filed with the United States Bankruptcy Court for the Northern District of Texas (the "Bankruptcy Cases");

**RESOLVED**, that the law firm of Husch Blackwell, LLP ("Husch Blackwell") shall be retained as general bankruptcy counsel for the Company in the Bankruptcy Cases, and the Authorized Officers are authorized and directed to execute retention agreements, pay any appropriate retainers, and cause to be filed applications for authority to retain the services of Husch Blackwell in the Bankruptcy Cases;

**RESOLVED**, that the Authorized Officers are authorized and directed to retain any other professionals or consultants to assist the Company as are deemed necessary to represent or assist the Company in carrying out its duties under the Bankruptcy Code, and, in connection therewith, the Authorized Officers are authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate applications for authority to retain the services of any other professionals or consultants as necessary;

**RESOLVED**, that the Authorized Officers are authorized, directed, and empowered to execute and file or cause to be filed all petitions, schedules, motions, lists, applications, pleadings, and other papers to take, and in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals, and to take and perform any and all further acts that the Authorized Officer deems necessary, proper, or desirable in connection with the Bankruptcy Cases, with a view to the successful completion of such Bankruptcy Cases;

**RESOLVED**, the Authorized Officers are authorized to take or cause to be taken any such other action and to execute, acknowledge, deliver, and file (or cause to be filed) any agreements, certificates, instruments or other documents, and to file any and all such agreements, certificates, instruments, or other documents, and to pay all expenses, including but not limited to filing fees, that are necessary or advisable to fully carry out the intent and accomplish the purpose of the foregoing resolutions;

**RESOLVED** that the Members of the Board have received sufficient notice of the actions and transactions relating to the aforementioned recitals and resolutions as required by the Company's organizational documents or have waived any right to receive such notice;

**RESOLVED** that the Authorized Officers are authorized to take any and all actions or not take any actions with respect to the actions contemplated by the foregoing resolutions as the Authorized Officers deem are necessary or desirable in such Authorized Officer's business judgment and as may be necessary or appropriate to effectuate the intent of the foregoing resolutions;

### Approval of Prior Actions

**FURTHER RESOLVED**, that any and all actions taken in connection with the foregoing resolutions prior to the adoption of such resolutions by the Company or any other officer or agent of the Company are hereby ratified, affirmed, and approved in all respects and for all purposes;

**FURTHER RESOLVED**, the signature of an Authorized Officer on any of the documents, agreements, and instruments authorized under these resolutions will be conclusive proof of the determination by the Authorized Officer that such documents, agreements, and instruments are necessary or appropriate to carry out the purposes and intent of these resolutions;

**FURTHER RESOLVED**, that these resolutions may be executed by facsimile, telecopy, or other electronic means or reproduction, and such execution shall be considered valid, binding, and effective for all purposes;

[SIGNATURES ON FOLLOWING PAGE]

**IN WITNESS WHEREOF**, the foregoing resolutions are signed by the Board of Trustees to be effective as of the date first written above.

_/s/ Gerald Taylor_
Gerald Taylor

_/s/ Van Henley_
Van Henley

_/s/ George Ashmore_
George Ashmore

_/s/ Lyn Goggin, MD_
Lyn Goggin

_/s/ Patricia Lawson_
Patricia Lawson

_/s/ Gregory Patton_
Gregory Patton

_/s/ Greg Samuel_
Greg Samuel

_/s/ Carol Tipton_
Carol Tipton

_/s/ Kelley Schubert_
Kelley Schubert

_/s/ Don Clevenger_
Don Clevenger

_/s/ J.D. Tidwell_
J.D. Tidwell

HB: 4845-2346-5187.1

**IN WITNESS WHEREOF**, the foregoing resolutions are signed by the Board of Trustees to be effective as of the date first written above.

_____
Gerald Taylor

_____
George Ashmore

_____
Patricia Lawson

_____
Greg Samuel

_____
Kelley Schubert

_____
J.D. Tidwell

_____
Van Henley

_____
Lyn Goggin

_____
Gregory Patton

_____
Carol Tipton

_____
Don Clevenger

HB: 4845-2346-5187.1

**IN WITNESS WHEREOF**, the foregoing resolutions are signed by the Board of Trustees to be effective as of the date first written above.

_____  _____
Gerald Taylor              Van Henley

_____  _____
George Ashmore             Lyn Goggin

_____  _____
Patricia Lawson            Gregory Patton

_____  _____
Greg Samuel                Carol Tipton

_____  _____
Kelley Schubert            Don Clevenger

_____
J.D. Tidwell

HB: 4845-2346-5187.1

**IN WITNESS WHEREOF**, the foregoing resolutions are signed by the Board of Trustees to be effective as of the date first written above.

_____  
Gerald Taylor

_____  
George Ashmore

_____  
Patricia Lawson

_____  
Greg Samuel

_____  
Kelley Schubert

_____  
J.D. Tidwell

_____  
Van Henley

_____  
Lyn Goggin

_____  
Gregory Patton

_____  
Carol Tipton

_____  
Don Clevenger

HB: 4845-2346-5187.1